ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 FEB -7 PM 3: 21
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NINA MAE PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 310-085 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Nina Mae Parks ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I. **BACKGROUND**

Plaintiff applied for a period of disability and DIB on September 15, 2004, alleging a disability onset date of September 20, 2004. Tr. ("R."), pp. 20, 65. The Social Security Administration denied Plaintiff's application initially, and on reconsideration. R. 20, 52-55.

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on April 9, 2008. R. 374-97. Plaintiff, who was represented by counsel, testified on her own behalf at the hearing. R. 377-95. On August 27, 2008, the ALJ issued an unfavorable decision. R. 17-26.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful employment since the alleged onset of disability (20 C.F.R. §§ 404.1520(b) and 404.1571 *et seq.*).

2. The claimant has the following severe impairments: hypertension and diabetes mellitus (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity ("RFC") to perform a range of medium work.¹ Claimant can lift/carry 50 pounds occasionally and 25 pounds frequently; and sit, stand, and walk, each for about 6 hours in an eight-hour workday. Based on this RFC assessment, claimant is capable of performing past relevant work as an attendant/sitter, whether in a facility as a nurse aide/attendant (D.O.T. # 355.674-014), semi-skilled (SVP-4), medium exertional work, or as a private personal attendant/sitter (D.O.T. # 309.674-014), semi-skilled (SVP-3), light exertional work, as generally done. (20 C.F.R. § 404.1567(c)).

5. In the alternative,² considering the claimant's age, education, work

---

¹"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

²Typically, when an ALJ makes a finding that a claimant could perform her past relevant work, the sequential evaluation process stops. See 20 C.F.R. § 404.1520(a)(4)(iv) ("At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled."). Here, however, the ALJ made a determination at step four that Plaintiff is

experience, and RFC for medium work in conjunction with the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), and 404.1566). The claimant has not been under a "disability," as defined in the Social Security Act, from September 20, 2004 through the date of this decision (20 C.F.R. § 404.1520(f) and (g)).

R. 22-26.

When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal or remand of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ failed to properly weigh the opinion of one of Plaintiff's consultative examiners, leading to an improper assessment of her RFC and determination that she was capable of performing her past relevant work, and (2) the ALJ further failed to demonstrate that she could perform work that exists in significant numbers in the national economy. (See doc. no. 8 (hereinafter "Pl.'s Br."); doc. no. 10 (hereinafter "Pl.'s Reply Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should be affirmed. (See doc. no. 9 (hereinafter "Comm'r's Br.").)

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following

---

capable of doing her past relevant work – a determination that compels a finding that she is not disabled – yet proceeded to step five, pursuant to which he set forth an alternative basis for his conclusion that Plaintiff is not disabled (i.e., that jobs exist in significant numbers in the national economy that the claimant can perform). R. 26.

3

questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner's decision even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his

4

conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. RFC for Medium Work and Ability to Perform Past Relevant Work

Plaintiff argues that the ALJ erred at steps four and five of the sequential evaluation process because he improperly discounted the opinions of her consultative examiner, Vasudev Kulkarni, M.D., leading to an erroneous RFC assessment and a conclusion that Plaintiff can perform her past relevant work, as well as a significant number of other medium jobs that exist in the national economy. Pl.'s Br., pp. 4-8; Pl.'s Reply Br., pp. 1-5. In particular, Plaintiff contends that testimony of a vocational examiner ("VE") "was crucial to an accurate and well supported decision," and the ALJ's use of the Medical-Vocational guidelines at step five was insufficient to satisfy his burden to show a significant number of jobs that exist in the national economy that she can perform. Pl.'s Br., pp. 7-8.

However, Plaintiff's argument about the VE has put the "cart before the horse" because once the ALJ determined that Plaintiff could return to her prior work, his alternative step five determination was unnecessary. See 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). As the burden never shifted to the Commissioner at step

five of the evaluation process, Plaintiff's arguments concerning what should have been done at step five with respect to consideration of VE testimony are of no consequence unless she can first show that the ALJ erred in determining that she could return to her prior work. See Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985) (burden shifts to Commissioner to show claimant can perform other work in national economy once ALJ determines that prior work can no longer be performed); see also Hubbard v. Barnhart, No. CV 104-190, doc. no. 12 (S.D. Ga. Dec. 19, 2005) (concluding that testimony from VE was unnecessary where ALJ concluded that plaintiff could return to her past relevant work), *adopted as opinion of District Court*, doc. no. 14 (Bowen, J.). For the reasons set forth below, the Court concludes that the ALJ's determination that Plaintiff can perform her past relevant work is supported by substantial evidence.

### B. The ALJ Properly Evaluated the Opinion of Plaintiff's Consultative Examiner

The Court turns its attention to Plaintiff's argument that the ALJ failed to properly weigh the opinions of Dr. Kulkarni, her consultative examiner, leading to an improper determination that she has the RFC to return to her past relevant work. Pl.'s Br., pp. 4-7. Somewhat confusingly, in her reply brief, Plaintiff refers to Dr. Kulkarni as her treating physician and argues that the ALJ erred in failing to give his opinions substantial weight. Pl.'s Reply Br., pp. 1-4. This appears to have been in error, as she opens her reply brief by stating: "[Plaintiff] asserted in her initial brief that the [ALJ] improperly rejected the opinion of the *examining physician* and failed to make a proper [RFC finding] that was consistent

with the evidence of record."³ Id. at 1 (emphasis added). The Commissioner contends that the ALJ properly discredited Dr. Kulkarni's opinions because they were inconsistent with his examination records, with findings of Plaintiff's treating physicians, with assessments by state agency physicians, and with Plaintiff's report of her activities. Comm'r's Br., pp. 4-5. Furthermore, the Commissioner asserts, even if Dr. Kulkarni's opinions were fully credited, Plaintiff is not precluded from returning to her past relevant work.⁴ Id. at 5-7. The Commissioner has the better argument.

The Court notes from the outset that Plaintiff bears the burden of proving that she is unable to perform her previous work. Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990); Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). Moreover, Plaintiff must show that she is unable to do the previous type of work she performed, not merely the specific job that she held. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986) (*per curiam*)("A claimant has to 'show an inability to return to her previous work (*i.e.*, occupation), and not simply to her specific prior job.'" (citation omitted)); see also Dudley v. Apfel, 75 F. Supp.2d 1381, 1382 (N.D. Ga. 1999) (finding that under Social Security Ruling 82-61, claimant can return to past relevant work if she can perform the job previously held, either in the manner previously performed, or as usually performed in the national

---

³Furthermore, the record makes clear that Dr. Kulkarni is a consultative examiner, as he is referred to as such in the ALJ's opinion, R. 23, 25, and in the administrative hearing, R. 395-96, and Dr. Kulkarni's evaluation notes indicate that he performed consultative examinations, R. 324-26, 352-54.

⁴As the Court concludes, *infra*, that the ALJ's decision to reject Dr. Kulkarni's opinions was supported by substantial evidence, it does not address the Commissioner's argument that Plaintiff can still perform her past relevant work even if Dr. Kulkarni's opinions were credited.

7

economy). Finally, when determining whether an individual can return to her past relevant work, the ALJ must develop a "detailed description of the required duties" of that past work. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).

Under 20 C.F.R. § 404.1519a, the Social Security Administration may purchase a consultative examination and use the resultant report to try to resolve conflicts or ambiguities in the record. Although ALJs are not bound by the findings of consultative examiners, these opinions must be considered when determining whether a claimant is "disabled" under the Social Security Act. 20 C.F.R. § 404.1527(d). However, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record. Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1160-61 (11th Cir. 2004) (*per curiam*).

Here, the ALJ garnered a detailed description of the prior work Plaintiff performed as an attendant/sitter. Not only did Plaintiff testify at the administrative hearing as to her duties, R. 385, but the definition from the Dictionary of Occupational Titles for Nurse Assistant/Aide, number 355.674-014, is also contained in the record, R. 103, as are two work history reports describing Plaintiff's past work as an elder care coordinator and private sitter. R. 112-22, 136-37. The ALJ referenced each of these in his opinion, R. 25, satisfying his obligation to provide a detailed description of Plaintiff's work duties.[5] See Schnorr, 816 F.2d

---

[5]Plaintiff asserts, without elaboration, that "the ALJ did not seek [VE] testimony to accurately classify [her] past relevant work" and – contrary to the ALJ's references to Plaintiff's report of her work duties – asserts that "it is unclear from his decision how the past work he relies upon was formulated." Pl.'s Br., p. 7 n.4. However, the ALJ was not required to obtain testimony from a VE at step four, see Schnorr, 816 F.2d at 582 (VE testimony is not required to classify a claimant's past work or determine whether claimant's RFC permits claimant to return to past relevant work), and he satisfied his obligation to

8

at 581.

In addressing whether the ALJ properly discredited Dr. Kulkarni's opinions, it will be helpful to briefly recount Dr. Kulkarni's examination findings and opinions. In his initial examination of Plaintiff on January 28, 2004, Dr. Kulkarni diagnosed her with hypertension, non-insulin-dependent diabetes mellitus, anginal chest pain, and migraine headaches. R. 326. He found that Plaintiff had a full range of motion in all joints and he graded Plaintiff's strength as 5/5 in both her upper and lower extremities. R. 327-29, 331-33. On June 3, 2008, Dr. Kulkarni again diagnosed Plaintiff with hypertension and non-insulin-dependent diabetes mellitus; he further noted that she suffered "[f]requent abdominal pain due to irritable bowel syndrome and acid reflux problems," and "[occasional chest pain, no cardiac diagnosis." R. 354. He again found a full range of motion in all joints and full motor power testing (5/5) throughout. R. 362-68.

In conjunction with his June 3, 2008 evaluation, Dr. Kulkarni completed a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)," in which he checked a series of boxes corresponding to a list of physical activities and limitations.[6] R. 355-61. On that form, Dr. Kulkarni indicated that Plaintiff could lift and carry up to 10 pounds continuously; 11-20 pounds frequently; and 21-50 pounds occasionally. R. 355. He also indicated that Plaintiff could sit, stand, and walk for up to 6 hours total in an 8-hour workday. R. 356. Further, Dr. Kulkarni limited Plaintiff to no more than occasional climbing of stairs

---

provide a detailed description of Plaintiff's work duties, as noted above. See id. at 581.

[6]The Court notes that the form asked Dr. Kulkarni to support any of the limitations he identified with medical or clinical findings that supported his assessment. R. 355-60. These fields were left blank. Id.

9

and ramps, balancing, stooping, kneeling, crouching, and crawling, and that Plaintiff could never climb ladders or scaffolds. R. 358. Additionally, Dr. Kulkarni checked a series of boxes regarding environmental limitations in which he indicated that Plaintiff could only occasionally operate a motor vehicle or tolerate vibrations; humidity and wetness; or dust, odors, fumes, and pulmonary irritants; he further found that she could never tolerate unprotected heights, moving mechanical parts, or extreme cold or hot temperatures. R. 359.

In his opinion, the ALJ found that the findings from both of Dr. Kulkarni's physical examinations were "consistent with the other evidence in the record, including treating source findings." R. 23. He further found Dr. Kulkarni's findings to be consistent with the opinions of State agency medical consultants, who concluded that Plaintiff "is capable of medium exertional work-related activities." R. 24-25; 335-51. Specifically, the ALJ noted that Dr. Kulkarni's physical examination was "unremarkable," and further stated, "There is no evidence that the claimant's obesity or any medically determinable musculoskeletal impairment would exacerbate symptoms or cause or contribute to any significant limitations in functioning." R. 23, 25. Yet, although the ALJ found Dr. Kulkarni's examination findings to be thorough and valid, he declined to accept Dr. Kulkarni's opinions as to Plaintiff's RFC, explaining:

> Dr. Kulkarni completed an assessment of claimant's residual functional capacity in conjunction with his June 3, 2008 consultative evaluation. However, the degree of limitation he indicated is not consistent with his thorough examinations of the claimant on January 28, 2004 and June 3, 2008, both of which were completely normal. Range of motion was full throughout, and muscle strength was full (5/5), as well. Furthermore, Dr. Kulkarni did not elaborate on what conditions or objective findings supported the limitations he suggested in postural activities. Dr. Kulkarni's essentially normal examinations of the claimant support that she can lift/carry 50 pounds

10

occasionally and 25 pounds frequently and sit, stand, and walk, each for about 6 hours in an eight-hour workday. Otherwise, the claimant's conditions do not reasonably result in any further degree of limitation. While claimant would obviously have difficulty in climbing ropes, ladders, and scaffolds due to obesity, there is no basis for any restriction in climbing ramps or stairs. Musculoskeletal and neurological examinations during the pertinent period have been normal throughout. The claimant testified that she can climb stairs, as evidenced by her living with a friend in an upstairs residence that has 16 stairs with no documented associated complaints to treating sources. The undersigned has given claimant's subjective complaints the greatest benefit in arriving at the conclusion that the claimant's impairments are even severe. The State agency medical consultant who reviewed the case record at the reconsideration level concluded that claimant's medically determinable impairments do not impact function and were non-severe.

Id. (emphasis in original) (citing R. 335, 335-68, 391-92). The ALJ then concluded that Plaintiff is capable of performing her past relevant work as done in the national economy. Id.

Plaintiff argues that the ALJ's decision that she can perform her past relevant work is erroneous because Dr. Kulkarni's opinions, if properly credited, would preclude her from performing medium work, yet the ALJ failed to "state with particularity his reasons for not assigning any weight" to those opinions. Pl.'s Br., p. 6 (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). In particular, Plaintiff asserts that the ALJ failed to properly consider Dr. Kulkarni's opinions in light of SSR 83-10, which provides, in relevant part:

> *Medium work.* The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds.... The considerable lifting required for the full range of medium work usually requires frequent bending-stooping.... Flexibility of the knees as well as the torso is important for this activity.... Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.

11

Pl.'s Br., p. 5. Specifically, Plaintiff contends that Dr. Kulkarni's opinions require a finding that Plaintiff cannot engage in medium work because Dr. Kulkarni limited her to only occasional stooping and bending, rather than frequent stooping and bending, and found that she could only occasionally carry 21-50 pounds, as opposed to occasionally carrying 25-50 pounds. Id. at 5-7.

The Commissioner argues that Plaintiff misconstrues SSR 83-10 because "[s]he did not merely have to show an inability to do *the full range* of medium exertional work." Comm'r's Br., p. 7 (emphasis added). Rather, the Commissioner argues, Plaintiff bears the burden at step four to show an inability to perform her past work as it is done in the national economy, and she failed to satisfy this burden because Dr. Kulkarni's opinions – on which Plaintiff places her sole reliance for her assertion that she is disabled – were properly discredited as unsupported by the record evidence. Id. at 5-7. The Commissioner has the better argument.

As noted above, Plaintiff bears the burden of proving an inability to return to her past relevant work, either as she performed it, or as it is usually performed in the national economy. Lucas, 918 F.2d at 1571; Dudley, 75 F. Supp.2d at 1382. However, as detailed below, Plaintiff is unable to satisfy her burden at step four because the ALJ properly discredited Dr. Kulkarni's opinions.

First, Dr. Kulkarni's opinions were not supported by his own examination findings. The ALJ explained that Dr. Kulkarni's evaluations of Plaintiff did not support the degree of limitation indicated in his opinions because both evaluations showed that Plaintiff had a full range of motion, full muscle strength throughout, and were otherwise "completely normal."

12

R. 25, 324-33, 352-54, 362-68. Additionally, the ALJ observed that Dr. Kulkarni had provided no objective findings to support the limitations he indicated. R. 25, 355-61. The ALJ's finding that Dr. Kulkarni's opinions were unsupported by his own examination findings is a proper basis for discrediting those opinions. See Crawford, 363 F.3d at 1160.

Second, Dr. Kulkarni's opinions conflicted with other evidence in the record. The ALJ noted that contrary to Dr. Kulkarni's opinions, "[m]usculoskeletal and neurological examinations during the pertinent period have been normal throughout." R. 25. Further, although Dr. Kulkarni indicated that Plaintiff's ability to climb ramps and stairs was limited, the ALJ pointed out that Plaintiff testified that she could climb stairs and that she lived in an upstairs residence.[7] R. 25, 391-92. Inconsistency with the record is also a proper basis for discrediting an opinion. 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). In short, the ALJ clearly considered Dr. Kulkarni's opinions as he was required to do, 20 C.F.R. § 404.1527(d), and he discounted those opinions by pointing to specific record evidence that contradicted them. See Crawford, 363 F.3d at 1160.

To the extent Plaintiff argues that it was inconsistent for the ALJ to reject Dr. Kulkarni's opinions while simultaneously using Dr. Kulkarni's evaluation findings to support a conclusion that Plaintiff could perform her past relevant work, this argument is unavailing. Nothing prevents an ALJ from giving more weight to a physician's findings than to a physician's opinion where that opinion is not supported by his findings. See Russell v.

---

[7]Moreover, the Court notes the ALJ's finding that even if Plaintiff were unable to climb ramps and stairs, her past relevant work did not require climbing, "either as done by [Plaintiff] or as generally done." R. 25.

13

Astrue, 331 F. App'x 678, 681-82 (11th Cir. 2009) (*per curiam*) (ALJ's decision to discredit physician's opinion while giving weight to physician's physical exam findings was not erroneous). Moreover, the ALJ was not alone in his conclusion that Plaintiff could return to her past relevant work. He gave "great weight" to the opinions of the State agency medical consultants, who similarly concluded that Plaintiff's "medically determinable impairments do not impact function and were non-severe." R. 24-25, 335-51.

Plaintiff argues, however, that the ALJ improperly rejected Dr. Kulkarni's opinions because he failed to point to specific medical evidence contradicting those opinions, and his decision to give greater weight to the opinions of the State agency medical examiners than to Dr. Kulkarni was erroneous. Pl.'s Br., p. 6. However, as noted above, Dr. Kulkarni's opinions were inconsistent with his own medical findings and other record evidence, and the ALJ was free to discredit them on those grounds. See Syrock, 764 F.2d at 835 ("The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.") (quoting Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981)).

Thus, Plaintiff's argument must fail. The ALJ found that Dr. Kulkarni's opinions were inconsistent with both of his evaluations and further that there was no evidence in the record to support a finding of musculoskeletal impairment or other limitations in functioning. R. 25. In addition, the ALJ noted that Plaintiff's activities also conflicted with Dr. Kulkarni's opinion. Id. These are all proper bases for discounting a physician's opinion. See 20 C.F.R. § 404.1527(d)(4). As the ALJ's decision to discredit Dr. Kulkarni's opinions

was supported by substantial evidence, Plaintiff failed to meet her burden at step four to show that she was precluded from performing her past relevant work as it is performed in the national economy. It follows that the ALJ was not required to proceed past step four of the sequential evaluation process, see 20 C.F.R. § 404.1520(a)(4)(iv), and Plaintiff's arguments concerning the Commissioner's burden of proof at step five of the evaluation process are, therefore, moot. Accordingly, the Commissioner's decision should be affirmed.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 7th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE